**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

L.M., an individual,

      Plaintiff,

vs.

G6 HOSPITALITY, LLC,
G6 HOSPITALITY FRANCHISING,
LLC, and WYNDHAM HOTELS
& RESORTS, INC.,

      Defendants.

Case No.: 2:26-mc-50436
Hon.

_____

## MOTION TO QUASH AND/OR LIMIT SUBPOENA DUCES TECUM SERVED ON NON-PARTY VISTA MARIA

Vista Maria ("Vista Maria" or "Movant"), a non-party, by and through its attorneys, Berry Moorman P.C., moves this Court pursuant to Federal Rules of Civil Procedure 26(c) and 45(d) for an order quashing or, alternatively, modifying the Subpoena Duces Tecum ("Subpoena") served on Vista Maria by Respondent, Wyndham Hotels & Resorts, Inc. ("Wyndham"), on April 9, 2026. Vista Maria states as follows:

1. The Subpoena arises from a case pending in the United States District Court for the Southern District of Ohio, titled *L.M. v. Wyndham Hotels & Resorts, Inc., et al.*, Case No. 2:24-cv-04168.

2.      On April 9, 2026, non-party Vista Maria was served with the Subpoena. A copy of the Subpoena is attached as Exhibit 1.

3.      The Subpoena is facially overbroad and unduly burdensome. It seeks: (1) "all documents and communications regarding or relating to L.M." and (2) "all communications with L.M." without any meaningful limitation by time period, subject matter, custodian, or repository.

4.      The Subpoena is also impractical because it does not identify "L.M." by full name or otherwise provide sufficient identifying information to permit Vista Maria to determine whether responsive records exist, where they may be located, or what confidentiality, privilege, or statutory protections may apply.

5.      When counsel for Vista Maria promptly sought the identifying information necessary to evaluate and respond to the Subpoena, counsel for Wyndham refused to disclose it unless Vista Maria first agreed to and signed the ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND by a Protective Order that accompanied the Subpoena, effectively binding Vista Maria to its terms and to the jurisdiction of a foreign court. *See* Exhibit 2.

6.      The requested materials likely include confidential, privileged, and otherwise protected records, including, but not limited to, medical, mental-health, counseling, and other child-services records.

{00465462;v1 }                                      2

7. Fed. R. Civ. P. 45(d)(1) imposes a duty upon the party or attorney responsible for issuance and service of a subpoena to take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.

8. Fed. R. Civ. P. 45(d)(3)(A) provides that the issuing court must quash or modify a subpoena that fails to allow for a reasonable time to comply, requires disclosure of privileged or other protected matter, or subjects a person to undue burden.

9. Moreover, Fed. R. Civ. P. 26(c)(1) contemplates the issuance of protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

10. Compliance with the Subpoena would impose significant burden and expense on Vista Maria as a non-party and would require broad searches, collection, review, and privilege/confidentiality screening across sensitive repositories, all within an unreasonably short response period.

11. Pursuant to Local Rule 7.1, counsel for Vista Maria sought concurrence in this Motion via email on April 21, 2026, but concurrence was not granted, thereby necessitating this Motion.

WHEREFORE, for the reasons set forth above and in the accompanying brief, Vista Maria respectfully requests that this Court enter an Order:

A. Quashing the Subpoena in its entirety;

{00465462;v1 }                                      3

B.      Alternatively, modifying the Subpoena to require disclosure of L.M.'s identity before any production obligations attach, and narrowing any permissible subpoena as to time period, subject matter, method of production, custodians, and source repositories;

C.      Awarding Vista Maria its reasonable expenses and attorneys' fees incurred in addressing the improper Subpoena to the extent permitted by Fed. R. Civ. P. 45(d)(1); and

D.      Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BERRY MOORMAN, P.C.**

/s/      David M. Foy
David M. Foy (P42574)
John J. Schrot, Jr. (P27985)
Asma Q. Al-Khshali (P84814)
Attorneys for Movant Vista Maria
255 E. Brown Street, Suite 320
Birmingham, MI  48009
(248) 645-9680
dfoy@berrymoorman.com
jshrot@berrymoorman.com
aal-khshali@berrymoorman.com

{00465462;v1 }                                        4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

L.M., an individual,

        Plaintiff,                         Case No.: 2:26-mc-50436

                                                 Hon.

vs.

G6 HOSPITALITY, LLC,
G6 HOSPITALITY FRANCHISING,
LLC, and WYNDHAM HOTELS
& RESORTS, INC.,

        Defendants.

_____

**BRIEF IN SUPPORT OF MOTION TO QUASH AND/OR LIMIT**
**SUBPOENA DUCES TECUM SERVED ON NON-PARTY VISTA MARIA**

**I.**    **STATEMENT OF THE ISSUES PRESENTED**

    **A.**    **WHETHER THE SUBPOENA SHOULD BE QUASHED OR MODIFIED BECAUSE IT IS OVERBROAD, UNDULY BURDENSOME, AND DISPROPORTIONATE.**

        **VISTA MARIA ANSWERS: Yes.**

    **B.**    **WHETHER THE SUBPOENA SHOULD BE QUASHED OR MODIFIED BECAUSE IT DOES NOT ALLOW A REASONABLE TIME FOR COMPLIANCE.**

        **VISTA MARIA ANSWERS: Yes.**

    **C.**    **WHETHER THE SUBPOENA SHOULD BE QUASHED OR MODIFIED BECAUSE IT SEEKS PRIVILEGED AND OTHERWISE PROTECTED MATERIAL WITHOUT A VALID AUTHORIZATION OR COURT ORDER.**

**VISTA MARIA ANSWERS: Yes.**

**D.   WHETHER THE ACCOMPANYING PROTECTIVE ORDER CURES THE SUBPOENA'S DEFECTS OR OVERRIDES APPLICABLE PRIVILEGE AND CONFIDENTIALITY PROTECTIONS.**

**VISTA MARIA ANSWERS: No.**

## II.   INTRODUCTION

On April 9, 2026, non-party Vista Maria ("Vista Maria"), was served with a Subpoena Duces Tecum ("Subpoena") issued by Respondent, Wyndham Hotels & Resorts, Inc. ("Wyndham"), in connection with *L.M. v. Wyndham Hotels & Resorts, Inc., et al.*, Case No. 2:24-cv-04168, pending in the United States District Court for the Southern District of Ohio. *See* Exhibit 1.

Vista Maria moves to quash or limit the Subpoena for four principal reasons. First, the Subpoena is facially overbroad, unduly burdensome, and not reasonably tailored to seek proportional discovery. It demands broad categories of records and communications without meaningful limitation, requiring Vista Maria to search multiple repositories, collect and review sensitive materials, and evaluate privilege and confidentiality issues before any production could occur. It also would require Vista Maria to determine whether responsive electronically stored information (ESI) could be located and produced in the manner demanded by the Subpoena, all within a short period and at substantial expense.

Second, the Subpoena does not allow a reasonable time for compliance. Even if the Subpoena could be narrowed, Vista Maria could not lawfully or reasonably complete the required search, review, and confidentiality analysis within the time provided in the Subpoena.

Third, Vista Maria cannot lawfully disclose the records sought. The Subpoena calls for highly sensitive records protected by federal and state confidentiality laws, yet Vista Maria has received neither a valid authorization from the individual whose records are sought nor a court order compelling disclosure. Compliance would therefore risk violating Vista Maria's legal obligations of confidentiality.

### III.    RELEVANT BACKGROUND

Non-party Vista Maria is a Michigan-based nonprofit organization that for nearly 50 years provided trauma-informed care, treatment, mental-health services, and child-welfare support to vulnerable youth and families, including survivors of abuse, neglect, and human trafficking.[1] Its work necessarily involved highly sensitive information, confidential records, and protected communications concerning minors and other vulnerable individuals.

The Subpoena seeks: (1) "all documents and communications regarding or relating to L.M." and (2) "all communications with L.M." *See* Exhibit 1. It does not identify "L.M." by full name or otherwise provide sufficient information to permit Vista Maria to determine the scope of the requested materials. *See* Exhibit 1. Instead, in a footnote, the Subpoena provides that, "as a courtesy, the true identity of L.M.

---

[1] During the time these services were previously provided, Vista Maria was licensed as a Child Caring Institution by the Michigan Department of Health and Human Services, Division of Child Welfare Licensing.

will be disclosed through counsel of record," and instructs Vista Maria to make contact to obtain that information. *Id*.

Counsel for Vista Maria promptly did so. However, counsel for Wyndham refused to disclose L.M.'s identity unless Vista Maria first agreed to and signed the ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND ("Acknowledgment") by a Protective Order that accompanied the Subpoena—a condition that is not required by Fed. R. Civ. P. 45, the Subpoena, or the Protective Order. *See* Exhibit 2. Notably, Wyndham did not provide any authorization executed by L.M. permitting Vista Maria to disclose that individual's records, communications, or other related information.

## IV.   ARGUMENT

### A.   THE SUBPOENA MUST BE QUASHED OR MODIFIED BECAUSE IT IS UNDULY BURDENSOME AND DISPROPORTIONATE.

Fed. R. Civ. P. 45 permits litigants to obtain discovery from nonparties via subpoena while simultaneously protecting nonparties from excessively onerous requests for information. To achieve this, Fed. R. Civ. P. 45(d)(3)(A)(iv) mandates that "the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." The Sixth Circuit has instructed district courts to evaluate undue burden in a case-specific manner by considering "such factors as relevance, the need of the party for the documents, the

breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *New Prods. Corp. v. Dickinson Wright PLLC (In re Modern Plastics Corp.)*, 890 F.3d 244, 251 (6th Cir. 2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). Courts must balance the need for discovery against the burden imposed, and the fact of non-party status may be considered in weighing that burden. *See State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016) ("Although Rule 26(b) applies equally to discovery of nonparties, the fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances.").

The Subpoena's production instructions further heighten the burden by demanding ESI and related materials in a manner Vista Maria does not maintain in the ordinary course of business. Vista Maria maintains certain records in hard-copy form and others electronically, but not necessarily in the form, detail, or structure the Subpoena requires. Compliance would therefore require additional efforts to locate, collect, review, and potentially convert information for production, including associated metadata and related ESI, all within a short response period and at substantial expense.

Wyndham also failed to take reasonable steps to avoid imposing undue burden on Vista Maria when counsel for Wyndham refused to provide L.M.'s true identity

unless Vista Maria first signed the Acknowledgement. *See* Exhibit 2. Without the identity of the person whose records are sought, Vista Maria cannot determine whether it has responsive records at all, which custodians or departments would hold them, or which repositories must be searched.

Sixth Circuit authority recognizes that courts may limit discovery where the burden or expense outweighs the likely benefit and to prevent overly broad and oppressive discovery. *See Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 321 (6th Cir. 2015). Here, Wyndham has not articulated any narrowing principle in the Subpoena itself, and the Subpoena's current structure ensures that the burden will outweigh any likely benefit absent substantial narrowing. Accordingly, the Court should quash the Subpoena or, at minimum, substantially modify it to impose proportional limits and protect Vista Maria from undue burden.

**B.    THE SUBPOENA MUST BE QUASHED OR MODIFIED BECAUSE IT DOES NOT ALLOW A REASONABLE TIME FOR COMPLIANCE.**

Fed. R. Civ. P. 45(d)(3)(A)(i) requires that a subpoena allow a reasonable time for compliance. This Subpoena does not. It was served on a non-party, seeks sweeping categories of records and communications, and demands compliance within an abbreviated period that does not permit lawful collection, review, and production.

Compliance would require Vista Maria to identify potentially responsive custodians and repositories, search for and collect records, review those materials for responsiveness, and assess applicable privilege and confidentiality protections before any production could occur. That process is especially burdensome here because the requested materials may include medical, mental-health, counseling, child-welfare, and other highly sensitive records relating to a purported former minor client. A non-party cannot reasonably be required to complete that review on an expedited basis without risking disclosure of protected material.

The deadline is even less practical because Wyndham's counsel did not provide the full identity of the individual whose records are sought. Without that threshold information, Vista Maria cannot conduct a targeted search, determine whether responsive records exist, or assess what protections apply.

### C. THE SUBPOENA MUST BE QUASHED OR, AT MINIMUM, NARROWED BECAUSE IT SEEKS PRIVILEGED AND OTHER PROTECTED MATERIAL.

Fed. R. Civ. P. 45 does not permit a litigant to impose on a non-party child-services provider the burden of reviewing, segregating, and producing broad categories of records that are privileged, confidential, or otherwise protected by law, particularly where the subpoena is facially unlimited and the identity of the subject record-holder has been withheld.

Assuming arguendo that Wyndham were to disclose L.M.'s identity, the Subpoena remains unenforceable in its present form. Fed. R. Civ. P. 45 requires a court to quash or modify a subpoena that requires disclosure of privileged or other protected matter absent waiver or a recognized exception. Fed. R. Civ. P. 45(d)(3)(A)(iii). The requests served on Vista Maria fall squarely within that rule.

Vista Maria previously provided trauma-informed care, mental-health services, and related support to vulnerable youth. Wyndham's demand for all documents and communications regarding or relating to L.M. and all communications with L.M. necessarily reaches categories of information that are protected under federal and Michigan law, including medical, mental-health, counseling, social-work, and child-care records. Michigan law affords specific protection to those materials. *See, e.g.*, MCL 330.1750; MCL 333.18513; MCL 722.120(3); *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 33 (1999); *Baker v. Oakwood Hosp. Corp.*, 239 Mich. App. 461, 469 (2000); *People v. Carrier*, 309 Mich. App. 92, 107–10 (2015). Given the nature of Vista Maria's services, the Subpoena necessarily seeks records and communications protected by law.

The breadth of the requests confirms as much. If L.M. received services from Vista Maria, responsive materials would predictably include records generated in connection with treatment, counseling, crisis intervention, and child-serving care. Depending on L.M.'s identity and involvement, the requests may also implicate

{00465462;v1 }                                          7

other Michigan privileges and confidentiality protections, including counselor-client communications, MCL 333.18117; juvenile records, MCL 712A.23; prescription records, MCL 333.17752; probation records, MCL 791.229; and communications protected by the sexual assault/domestic violence counselor-victim privilege, MCL 600.2157a(2).

Wyndham compounds the defect by withholding the identifying information necessary for Vista Maria to determine what records fall within the Subpoena's scope, where those records may be located, and what privilege or confidentiality protections govern their disclosure. Wyndham has likewise provided no valid authorization permitting disclosure. Fed. R. Civ. P. 45 does not require a non-party to undertake a sweeping review of sensitive records merely to determine what it cannot lawfully produce. The Subpoena should therefore be quashed or, at minimum, narrowed before any production obligation arises.

### D.     FED. R. C. P. 26(c) WARRANTS PROTECTIVE RELIEF, AND THE ACCOMPANYING PROTECTIVE ORDER DOES NOT CURE THE SUBPOENA'S DEFECTS.

Fed. R. Civ. P. 26(c)(1) authorizes the Court, for good cause, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. That protection is not limited to confidentiality designations after discovery has been produced. It includes the power to forbid discovery, prescribe conditions for discovery, limit its scope, and require that sensitive information be revealed only in

a specified way. Fed. R. Civ. P. 26(c)(1). The Sixth Circuit requires a particular and specific showing of good cause, not conclusory assertions. *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004). Vista Maria has made that showing here.

As drafted, the Subpoena seeks all documents and communications regarding or relating to L.M. and all communications with L.M., without any meaningful limitation as to time, subject matter, custodian, or repository. Those requests are directed to a non-party that provided trauma-informed care, mental-health services, and related support to vulnerable youth. They therefore implicate sensitive records and communications at the outset, not at the margins. Wyndham adds to that burden by withholding the identifying information necessary to determine what records the Subpoena reaches unless Vista Maria first agrees to be bound by the accompanying Acknowledgement. On those facts, Fed. R. Civ. P. 26(c)(1) independently supports protective relief barring enforcement of the Subpoena in its present form or, at minimum, limiting any discovery to a lawful and practical scope.

The accompanying Protective Order to the Subpoena does not alter that conclusion. It does not narrow the Subpoena, supply the identifying information necessary for compliance, or displace otherwise applicable privilege and confidentiality protections. Wyndham may not condition disclosure of threshold identifying information on Vista Maria's agreement to obligations not imposed by

Fed. R. Civ. P. 45 or the Subpoena itself. If Wyndham seeks discovery from a non-party, it must do so through a subpoena that is proportional, practical, and lawful on its face.

## V.    CONCLUSION

For the foregoing reasons, non-party Vista Maria respectfully requests that the Court quash Wyndham's April 9, 2026 Subpoena in its entirety pursuant to Fed. R. Civ. P. 26(c) and 45(d). Alternatively, non-party Vista Maria respectfully requests that the Court substantially modify the Subpoena and impose strict conditions to ensure relevance and proportionality, require disclosure of L.M.'s identity before any production obligations attach, and protect privileged and other protected matter and Vista Maria from undue burden and expense.

Respectfully submitted,

**BERRY MOORMAN, P.C.**

/s/    David M. Foy
David M. Foy (P42574)
John J. Schrot, Jr. (P27985)
Asma Q. Al-Khshali (P84814)
Attorneys for Movant Vista Maria
255 E. Brown Street, Suite 320
Birmingham, MI  48009
(248) 645-9680
dfoy@berrymoorman.com
jshrot@berrymoorman.com
aal-khshali@berrymoorman.com

{00465462;v1 }                                     10

## CERTIFICATE OF SERVICE

I, Asma Q. Al-Khshali, certify that on April 22, 2026, I electronically filed the foregoing Motion to Quash and/or Limit Subpoena Duces Tecum and Brief in Support, which are available for viewing and downloading through the Court's CM/ECF system.

/s/         *Asma Q. Al-Khshali*
Asma Q. Al-Khshali

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Ohio

L.M., an Individual,                              )
_____          )
*Plaintiff*                                       )
v.                                                )    Civil Action No.   2:24-cv-04168-ALM-EPD
                                                  )
Wyndham Hotels & Resorts, Inc., et al.,           )
_____          )
*Defendant*                                       )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Vista Maria C/O Kathleen Regan
20651 West Warren Ave., Dearborn Heights, MI 48127

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents Listed in Attached Exhibit A

| Place: Elise Yu<br>ArentFox Schiff LLP<br>2723 South State Street, Ste 220, Ann Arbor, MI 48104 | Date and Time:<br><br>April 30, 2026 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/08/2026

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                 /s/ Virginia Weeks
                                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Wyndham Hotels & Resorts, Inc. , who issues or requests this subpoena, are:
Virginia Weeks, virginia.weeks@us.dlapiper.com, 206.839.4868, 701 5th Ave., Ste. 6900, Seattle, WA 98104

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

1. Ack
2. Docs – Redact
3. Time for non-party

From: LezLee Greene     Fax: +13132034843     To:     Fax: +12486451233     Page: 7 of 42     04/09/2026 2:50 PM

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### I.    DEFINITIONS

The following definitions are an integral part of this Subpoena for Production of Documents to Vista Maria, and are applicable throughout.

A.    The terms "you" and "your" shall refer to Vista Maria.

B.    The terms "document" and "documents" are to be construed broadly and are defined to be synonymous in meaning and equal scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence. "Document" or "documents" includes, without limitation, any medium upon or by which information is or can be recorded, including but not limited to papers, books, letters, labels (and other identifying markings), e-mails, electronically-stored information, facsimile transmissions, notes, drafts, diaries, reports, analyses, studies, invoices, promotional literature, sales literature, profit projections, computer generated information, audits, checks, bank statements, calendars, records, correspondence, memoranda, notebooks, photographs, pictures, diagrams, graphs, charts, drawings and sketches, non-written material such as videotapes, audiotapes, tape recordings, CDs, and electronic and computer data compilations, translated, if indicated, into a reasonably usable format.

C.    The terms "referring," "relating to," and "concerning" include in whole or in part directly or indirectly, analyzing, containing, supporting, concerned with, connected with, dealing with, constituting, describing, relevant to or pertaining to the identified person, document or subject matter.

1

From: LezLee Greene      Fax: +13132034843      To:      Fax: +12486451233      Page: 19 of 42      04/09/2026 2:50 PM

D.      The terms "communicate" and "communication" mean every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information, whether made or accomplished orally or by document, whether face-to-face, by telephone, mail, telex, facsimile, electronic mail, personal delivery, social media, or otherwise without limitation.

E.      The terms "person" and "persons" mean any natural person, individual, corporation, proprietorship, partnership, association, joint venture, limited liability company, trust, company, firm, or other form of legal entity, organization, or arrangement.

F.      The word "all" includes "any"; the word "any" includes "all."

G.      The use of the terms "and," "or," and "and/or" should be construed conjunctively and disjunctively for the broadest possible meaning.

H.      Whenever appropriate to bring within the scope of these requests information that could lead to the discovery of relevant evidence, the singular form of a word shall also mean the plural.

## II.      INSTRUCTIONS

The following instructions apply to each request made herein.

A.      Materials produced shall be Bates labeled, to the extent feasible, using the following form: "VISTAMARIA_0000001".

B.      To the extent materials requested are maintained in hard copy form, they may be scanned and produced in electronic format, as long as the electronic scan accurately reflects the complete contents of the hard copy document.

C.      If the requested documents are maintained in a file, the file folder is to be included as part of the materials produced.

2

D.      Aside from photographs (which shall be produced in native format), electronically stored information shall be produced as single-page, Group IV, 300 DPI TIFF, with a delimited database load file containing the following metadata fields, where applicable: (a) BegDoc; (b) EndDoc; (c) BegAttach; (d) EndAttach; (e) Custodian; (f) Folder; (g) From; (h) To; (i) cc; (j) bcc; (k) subject; (1) DateSent; (m) TimeSent; (n) DateReceived; (o) TimeReceived; (p) FileName; (q) FileExtension; (r) DateCreated; (s) DateModified; (t) Title; (u) Author; (v) FileHash; (w) NativeLink; and (x) Source. All provided metadata pertaining to dates and times will be standardized to UTC. An accompanying opticon image load file using ANSI/Western European encoding should be provided for all TIFF images. TIFF images should show any and all text and images which would be visible to the reader using the native software that created the document. For example, TIFF images of email messages should include the BCC line, and TIFF images of MS Word documents should show all tracked changes and comments. Alternatively, electronically stored information may be produced in the first instance in PDF or other readable format, provided that (i) the produced document accurately and completely reflects the contents of the electronically stored information, and (ii) Wyndham Hotels & Resorts, Inc. afterward may insist on the production of documents in the format set forth above insofar as the metadata may reveal relevant information.

E.      Documents shall be exchanged on DVD-ROMs, CD-ROMs, USB drives, portable hard drives or through secure file transfer protocols (e.g., FTP) or similar secure electronic transmission. The production media shall be labeled with the Volume Number along with the Bates Number range(s) of the materials, date of delivery, and where not practicable to do so, may be provided in an accompanying letter. If a hard drive contains multiple volumes, each volume should be contained in

3

an appropriately named folder at the root of the drive. Volumes should be numbered consecutively (ABC001, ABC002, etc.).

## III. DEMAND FOR DOCUMENTS

1.    All documents and communications regarding or relating to L.M.[1]

2.    All communications with L.M.

---

[1] As a courtesy, the true identity of L.M. will be disclosed through counsel of record. Please contact counsel via the contact information identified on the subpoena.

4

# EXHIBIT 2

Case: 2:24-cv-04168-ALM-EPD Doc #: 29 Filed: 03/25/25 Page: 1 of 7  PAGEID #: 311

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| L.M., an individual, <br><br> Plaintiff, <br><br> v. <br><br> G6 Hospitality, LLC, et al., <br><br> Defendants. | Case No.: 2:24-cv-4168 <br><br> District Judge Algenon L. Marbley <br><br> Magistrate Judge Elizebeth Preston Deavers |

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 5.2, and its inherent authority, the Court hereby orders the entry of the following Stipulated Protective Order in this matter.

1. Counsel for Plaintiff shall provide to the respective counsel for Defendants the Plaintiff's true identity and identifying information ("True Identity") within seven (7) days of the entry of this Stipulated Protective Order by the Court. As used herein, True Identity includes, but is not limited to, the following information:

   a) Name and any alias names used at any time;

   b) Date of birth;

   c) Social Security Number; and

   d) Current address and any prior addresses from five years before the trafficking period, here, 2014 to the present.

The Parties may also designate as "True Identity" any documents, testimony, written responses, or other materials produced in this case if the producing Party has a good faith basis for asserting that they contain information, data, or tangible items that reflect Plaintiff's True

Case: 2:24-cv-04168-ALM-EPD Doc #: 29 Filed: 03/25/25 Page: 2 of 7  PAGEID #: 312

Identity, including identifying physical attributes such as biometric data or photographs showing unique physical attributes of Plaintiff, her voice, physical address of residence or workplace, or other personal private identification information which by a reasonable probability could be used to identify or locate Plaintiff.

Notwithstanding the foregoing, Defendants expressly reserve their respective rights to request from Plaintiff during the course of discovery any other information that is linked or linkable to the True Identity of Plaintiff, such as, but not limited to, any medical, educational, financial, employment, or other information. Plaintiff is permitted to proceed pseudonymously throughout the pre-trial course of these proceedings. The Parties exclusively will reference Plaintiff through the pseudonym "L.M." or as "Plaintiff" in all pre-trial public filings, throughout the course of discovery, and in all pre-trial public Court proceedings.

2.      The Parties shall clearly mark any materials or information that contain Plaintiff's True Identity with the term "CONFIDENTIAL TRUE IDENTITY" and the Parties shall follow the procedures and requirements of this Protective Order concerning any materials or information containing references to Plaintiff's True Identity.

3.      The Parties may disclose Plaintiff's True Identity to the following:

a)      The Parties to this litigation, including any employees, agents, and representatives of the Parties, as needed to litigate any claims or defenses;

b)      Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

c)      The Court, court personnel, and members of the jury;

d)      Court reporters, recorders, and videographers engaged for depositions. Before any

From: LezLee Greene          Fax: +13132034843          To:          Fax: +12486451233          Page: 29 of 42          04/09/2026 2:50 PM

disclosure to such persons, the person must sign the acknowledgement and agreement to be bound;

e) Any mediator appointed by the Court or jointly selected by the Parties;

f) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation and Plaintiff's True Identity may be disclosed to them only to the extent that Plaintiff's True Identity will assist the individual(s) in the scope of their work with counsel in connection with this case;

g) Any custodian of records, but only to the extent that Plaintiff's True Identity will assist the custodian in obtaining and producing records;

h) Independent providers of document reproduction, electronic discovery, translation, or other litigation services, including focus groups, mock jurors, and jury consultants, retained or employed specifically in connection with this litigation. Before any disclosure to such persons, the person must sign the acknowledgement and agreement to be bound;

i) Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiffs True Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

j) Insurers and indemnitors for any of the Parties, including coverage counsel for the insurers, who may provide indemnity or other coverage in connection with claims asserted in this case. Before any disclosure to such persons, the person must sign the acknowledgement and agreement to be bound;

k) Any potential, anticipated, or actual fact witness, and their counsel, but only to the extent Plaintiff's True Identity will assist the witness in recalling, relating or

From: LezLee Greene    Fax: +13132034843    To:    Fax: +12486451233    Page: 31 of 42    04/09/2026 2:50 PM

Case: 2:24-cv-04168-ALM-EPD Doc #: 29 Filed: 03/25/25 Page: 4 of 7 PAGEID #: 314

explaining facts -- except that Plaintiff's True Identity must not be disclosed to Plaintiff's known trafficker(s) or Plaintiff's traffickers' known affiliate(s), unless the Parties follow the procedures in paragraph (l) below;

l) Plaintiff's known trafficker(s) or Plaintiff's traffickers' known affiliate(s) and their counsel, but only to the extent Plaintiff's True Identity will assist the witness in recalling, relating or explaining facts; provided, however, that disclosure of Plaintiff's True Identity information is permitted only if the party requests and obtains a Court order before making any disclosure. The moving party must file a motion describing the circumstances to the Court. The motion shall not include any information revealing Plaintiff's True Identity and shall list only the reasons why Defendants believe it is necessary to reveal Plaintiff's True Identity to Plaintiff's alleged trafficker(s) or Plaintiff's trafficker's known associates. Before filing a contested motion, the parties must first meet and confer, and if they reach agreement, they may submit a stipulated motion to the Court requesting such an order.

m) The Parties are prohibited from disclosing Plaintiff's True Identity to any person or entity other than those listed in this Stipulated Protective Order. If the Parties believe they have good cause to make a disclosure that is not authorized under the terms of this Stipulated Protective Order, they may bring a motion to the Court for an order allowing disclosure.

4. The Court highly discourages the manual filing of any pleadings or documents under seal. Nothing in this Stipulated Protective Order authorizes the filing of protected materials under seal. This means that documents may not be filed with the Court under seal without prior

From: LezLee Greene          Fax: +13132034843          To:          Fax: +12486451233          Page: 33 of 42          04/09/2026 2:50 PM

Case: 2:24-cv-04168-ALM-EPD Doc #: 29 Filed: 03/25/25 Page: 5 of 7  PAGEID #: 315

permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Thus, the Parties may seek the Court's permission to file documents that are necessarily unredacted under seal in accordance with this process.

5.　　All Parties and any third parties appearing or submitting filings in this case are required to redact the True Identity and any identifying information (for example, full name, social security number, date of birth, address, medical records number) of Plaintiff in their filings with the Court.

6.　　To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Order, such party or nonparty should seek leave of Court prior to submitting any such filing.

7.　　The failure to identify Plaintiff in the Complaint need not be addressed on the pleadings stage motions.

8.　　The Parties agree that Plaintiff's medical records and medical billing will be identified and treated as confidential material and will be marked clearly with "Confidential - True Identity."

9.　　The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

10.　　The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated: March 25, 2025　　　　　　　　　　　　　*/s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS

Case: 2:24-cv-04168-ALM-EPD Doc #: 29 Filed: 03/25/25 Page: 6 of 7  PAGEID #: 316

UNITED STATES MAGISTRATE JUDGE

AGREED TO:

*/s/ Steven C. Babin, Jr.*
Steven C. Babin, Jr. (0093584)
**Babin Law, LLC**
10 West Broad Street, Suite 900
Columbus, OH 43215
T: 614.761.8800
E: steven.babin@babinlaws.com /
penny.barrick@babinlaws.com

*Attorney for Plaintiff L.M.*

*/s/ Michael R. Reed*
Michael R. Reed (0063995)
**Hahn Loeser & Parks LLP**
65 E State St., Suite 2500
Columbus, OH 43215
T: 614.233.5165
E: mreed@hahnlaw.com

*Attorney for Defendant Wyndham
Hotels and Resorts, Inc.*

*/s/Patrick Brendan Healy*
Patrick Brendan Healy (0083756)
**Roetzel & Andress**
250 East Fifth Street Ste 310
Cincinnati, OH 45202
T: 513.361.8298
F: 513.361.0335
E: phealy@ralaw.com

*Attorney for G6 Defendants*

Case: 2:24-cv-04168-ALM-EPD Doc #: 29 Filed: 03/25/25 Page: 7 of 7  PAGEID #: 317

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____[print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Ohio on __(date)_____ in the case of *L.M. v. G6 Hospitality, LLC*, 2:24-cv-4168. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____